UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HUGO ALEJANDRO NAVARRO-GONZALEZ, INDIVIDUALLY AND D/B/A TAQUERIA LA BAMBA BAR & GRILL, <br><br> Defendant. | No.  2:21-cv-00355-JAM-CKD <br><br> **SUA SPONTE ORDER STAYING CASE** |

Before the Court are Plaintiff's and Defendant's cross-motions for summary judgment.  Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), ECF No. 15; Def.'s Opp'n and Mot. for Summ. J. ("Def.'s Opp'n and Mot."), ECF No. 16.  The parties agree that there is no genuine dispute of any material facts.  See Def.'s Opp'n and Mot. at 2; Pl.'s Reply at 2, ECF No. 17.  Rather, the federal claims turn on a legal question: whether 47 U.S.C sections 605 and 553 apply to internet violations.  Pl.'s Mot. at 6.  This issue is

1

currently before the Ninth Circuit.  Id. at 6n.1 (citing G & G Closed Circuit Events, LLC v. Snukal, No. CV 19-07854 WDK-JC, 2021 WL 4527769 (C.D. Cal. Apr. 16, 2021), appeal docketed, No. 21-55488 (9th Cir. May 13, 2021); G & G Closed Circuit Events, LLC v. Reto, No. CV 19-07915 WDK-JC, 2021 WL 4468161 (C.D. Cal. Sept. 3, 2021), appeal docket, No. 21-56055 (9th Cir. Sept. 28, 2021); G & G Closed Circuit Events, LLC v. Liu, No. CV 19-07896 WDK-JC, 2021 WL 4394600 (C.D. Cal. Sept. 3, 2021), appeal docketed, No. 21-56047 (9th Cir. Sept. 24, 2021)).  As such, the Court finds it prudent to defer ruling in this case until guidance from the Ninth Circuit is available and pursuant to its inherent authority, sua sponte stays the action.  See Ali v. Trump, 241 F.Supp.3d 1147, 1152 (W.D. Wash. 2017) ("Courts have the power to consider stays sua sponte."); see also Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  Because the main legal issue in this case is before the Ninth Circuit, "it would waste judicial resources to decide [this issue] in this forum when guidance from the Ninth Circuit will be available shortly.  The more efficient course is to wait for a decision from the Ninth Circuit [. . .]"  Ali, 241 F.Supp.3d at 1153. "Considerable judicial resources may be wasted if the appellate court's controlling decision changes the applicable law [. . .]" Id. (internal quotation marks and citation omitted).  A stay of this proceeding allows this Court "to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).

The April 5, 2022 hearing on the above-identified motions is therefore vacated and this lawsuit is stayed effective the date of this Order. The parties are ordered to file a joint status report within ten days of a final decision by the Ninth Circuit in the related litigation.

IT IS SO ORDERED.

Dated: March 30, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE