1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    G&G CLOSED CIRCUIT EVENTS, LLC,

12              Plaintiff,                        No. 2:21-cv-00355-TLN-CKD

13         v.

14    HUGO ALEJANDRO NAVARRO-                     **ORDER**
      GONZALEZ, individually and d/b/a
15    TAQUERIA LA BAMBA BAR & GRILL,

16              Defendant.

17

18

19         This matter is before the Court on Plaintiff G&G Closed Circuit Events, LLC's

20    ("Plaintiff") Motion for Summary Judgment on Damages.  (ECF No. 33.)  Defendant Hugo

21    Alejandro Navarro-Gonzalez ("Defendant") filed an opposition.  (ECF No. 34.)  Plaintiff filed a

22    reply.  (ECF No. 36.)  For the reasons set forth below, the Court GRANTS IN PART and

23    DENIES IN PART Plaintiff's Motion for Summary Judgment.

24    ///

25    ///

26    ///

27    ///

28

                                         1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

A sports program — *Mikey Garcia v. Jessie Vargas* Championship Fight — ("Program"), was telecast nationwide on Saturday, February 29, 2020.  (ECF No. 33-1 at 1.)  Plaintiff was granted exclusive commercial distribution rights as well as nationwide anti-piracy enforcement rights with respect to the Program.  (*Id*. at 2.)

On March 28, 2025, the Court found Defendant liable to Plaintiff under 47 U.S.C. § 605 for the unlawful broadcast of the Program at Defendant's commercial establishment, Taqueria La Bamba Bar & Grill ("Taqueria").  (ECF No. 30.)  The Program was broadcast at Taqueria on the sole television, which was approximately forty to fifty inches.  (ECF No. 33-1 at 2.)  A customer used his personal phone to stream the Program via the internet and connected his phone to the television.[2]  (ECF No. 34-5 at 1.)  The capacity of Taqueria was approximately 100 people.  (ECF No. 15-2 at 2.)  At the time of the broadcast, there were seven patrons in the bar area.  (*Id.*)  The commercial licensing fee for Taqueria was $2,860.00.  (ECF No. 33-1 at 2.)

On April 24, 2025, the parties requested the issue of damages be considered upon a written submission to the Court.  (ECF No. 31.)  On May 23, 2025, Plaintiff filed its motion for summary judgment on damages.  (ECF No. 33.)

## II.    STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue

---

[1]    The factual background is taken largely verbatim from Plaintiff's Statement of Undisputed Facts.  (ECF No. 33-1.)  The Court notes Defendant fails to comply with the requirement that he reproduce Plaintiff's statement of undisputed facts, admit those facts that are undisputed, and deny those that are disputed.  *See* E.D. Cal. L.R. 260(b); *see also* Fed. R. Civ. P. 56(c), (e)(2)–(3).  Federal Rule of Civil Procedure ("Rule") 56(e) provides that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]"  Fed. R. Civ. P. 56(e)(2)–(3).  Accordingly, because Defendant failed to respond to any of Plaintiff's facts in its separate statement, the Court considers these facts to be undisputed.

[2]    Plaintiff objects to the admissibility of Defendant's statement in his declaration.  Plaintiff argues Defendant does not have personal knowledge regarding the unnamed customer's decision process.  However, the cited portion of Defendant's statement does not implicate the unnamed customer's decision process.  Therefore, the objection is overruled.  As Plaintiff has not indicated a dispute with the substance of the statement, the Court considers it undisputed.

1    of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.

2    R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary

3    judgment practice, the moving party always bears the initial responsibility of informing the

4    district court of the basis of its motion, and identifying those portions of "the pleadings,

5    depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"

6    which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

7    *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof

8    at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

9    solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at

10   324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a

11   party who does not make a showing sufficient to establish the existence of an element essential to

12   that party's case, and on which that party will bear the burden of proof at trial.

13          If the moving party meets its initial responsibility, the burden then shifts to the opposing

14   party to establish that a genuine issue as to any material fact does exist.  *Matsushita Elec. Indus.*

15   *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*

16   *Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute,

17   the opposing party may not rely upon the denials of its pleadings but is required to tender

18   evidence of specific facts in the form of affidavits, and/or admissible discovery material, in

19   support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must

20   demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the

21   suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that

22   the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for

23   the nonmoving party.  *Id.* at 251–52.

24          In the endeavor to establish the existence of a factual dispute, the opposing party need not

25   establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

26   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

27   trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is

28   to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

1    trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's

2    note on 1963 amendments).

3    In resolving the summary judgment motion, the court examines the pleadings, depositions,

4    answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed.

5    R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence

6    of the opposing party is to be believed and all reasonable inferences that may be drawn from the

7    facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S.

8    at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

9    obligation to produce a factual predicate from which the inference may be drawn. *Richards v.*

10   *Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.

11   1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party

12   "must do more than simply show that there is some metaphysical doubt as to the material facts."

13   *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead

14   a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at

15   587.

16   **III.    ANALYSIS**

17   Plaintiff requests damages in the amount of $30,860, comprising of statutory damages of

18   $8,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II), a statutory enhancement of $20,000 under

19   47 U.S.C. § 605(e)(3)(C)(ii), and $2,860 for Plaintiff's conversion claim. (ECF No. 33 at 2.)

20   With respect to damages under 47 U.S.C. § 605, Plaintiff argues statutory damages are warranted

21   where lost profits would be an inadequate measure of damages, to penalize the infringer, and for

22   specific and general deterrence. (*Id.* at 4–5.) Plaintiff contends while some courts have looked to

23   the licensing fee to determine an appropriate statutory damages award, such would undervalue the

24   Program and fail to compensate Plaintiff adequately. (*Id.* at 5.) Plaintiff further argues an

25   enhanced statutory award is warranted because Defendant acted willfully. (*Id.* at 7–8.) In

26   support of the amount of damages requested, Plaintiff cites to several cases in the Eastern District

27

28

4

of California that awarded between $25,000 to $60,000.[3]  (*Id.* at 8–10.)  With respect to conversion damages, Plaintiff contends courts in the Ninth Circuit have frequently granted conversation damages in addition to statutory damages.  (*Id.* at 11.)

In opposition, Defendant argues minimal statutory damages are appropriate and enhanced statutory damages are not warranted because there is no evidence Defendant committed a willful violation of the statutes for the purpose of commercial advantage or private financial gain.  (ECF No. 34 at 3, 7.)  Defendant contends the amount of actual damages sustained by Plaintiff was $2,860 and there is no evidence: Defendant was a repeat offender; Defendant generated any financial gain; Defendant advertised the Program would be shown; or Defendant charged a cover.  (*Id.* at 5–6.)  Finally, Defendant argues no damages should be awarded for Plaintiff's conversion claim because it would constitute duplicative recovery.[4]  (*Id.* at 10.)

Under 47 U.S.C. § 605, an aggrieved party may elect to recover either actual damages and lost profits or statutory damages.  47 U.S.C. § 605(e)(3)(C)(i).  Section 605(e)(3)(C)(i)(II) authorizes statutory damages "not less than $1,000 or more than $10,000, as the court considers just" for each violation.  In addition, the court may award enhanced damages up to $100,000 for each violation if it finds the violation was willfully committed for commercial advantage or private financial gain.  47 U.S.C. § 605(e)(3)(C)(ii).  "Courts in this circuit have granted widely varying awards ranging from near the minimum statutory award of $1,000 to near the maximum of $110,000, depending on such factors as the capacity of the establishment, the number of patrons in attendance, and whether a cover charge was required for entrance.  *J & J Sports Prods., Inc. v. Marcaida*, No. 10-5125 SC, 2011 WL 2149923, at *3 (N.D. Cal. May 31, 2011).  Courts have also considered whether the defendant has previously violated anti-piracy laws.  *See e.g.*,

---

[3]     The Court notes all the Eastern District of California cases cited by Plaintiff as "instructive" are decisions on a motion for default judgement and provide little discussion as to damages.  As such, the cases are of little use to the Court.

[4]     Defendant also argues no damages should be awarded for Plaintiff's claim under Cal. Bus. & Prof. Code § 17200.  (ECF No. 36 at 10.)  However, Plaintiff does not seek a monetary award for its claim under Cal. Bus. & Prof. Code § 17200.  (ECF No. 33 at 3; ECF No. 36 at 10.)  Thus, the Court disregards this argument.

1    *J & J Sports Prods., Inc. v. Ferreyra*, No. CIVS08128LKKKJM, 2008 WL 4104315, at *1 (E.D.

2    Cal. Aug. 28, 2008).  In exercising its discretion to increase the award of damages, courts should

3    be mindful of the difficulty in detecting violations of the statute and the widespread problem of

4    piracy.  *See Cablevision Sys. New York City Corp. v. Faschitti*, No. 94 Civ. 6830(DC), 1996 WL

5    48689, at *2 (S.D.N.Y. Feb.7, 1996); *see also Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 132

6    (2d Cir. 1996*)* (quoting legislative history).

7         Here, the Program was broadcast at Taqueria, a commercial establishment with a capacity

8    of approximately 100 people.  (ECF No. 15-2 at 2.)  At the time of the broadcast, there were

9    seven patrons in the bar area.  (*Id.*)  Plaintiff does not dispute there was no advertising, there was

10   no cover charge or Defendant is not a repeat offender.  (ECF No. 36 at 4.)  Balancing the

11   relatively small impact of Defendant's misconduct with the deterrent purpose of the statute, the

12   Court finds that an award of just under twice the price Defendant would have had to pay to

13   lawfully purchase the Program is appropriate.  The Court therefore awards $5,000 in statutory

14   damages to Plaintiff.

15        As to whether enhanced statutory damages should be awarded, the Court finds Plaintiff

16   has not provided evidence that Defendant willfully committed the violation for commercial

17   advantage or private financial gain.  Here, it is undisputed that a customer used his personal

18   phone to stream the Program via the internet and connected his phone to the television.  Even if

19   Defendant provided the customer with the password for the internet, as Plaintiff argues, this does

20   little to prove that Defendant willfully violated the statute for commercial advantage or private

21   financial gain.  Further, while Plaintiff makes a great effort to demonstrate Defendant's evidence

22   does not support his arguments, the initial burden of production on a motion for summary

23   judgment is on the moving party.  Here, Plaintiff has not met its burden of demonstrating that

24   Defendant acted willfully for commercial or private financial gain.

25        As to damages for Plaintiff's conversion claim, damages for conversion must be based on

26   the value of the property at the time of the conversion.  *Krueger v. Bank of America,* 145 Cal.

27   App. 3d 204, 215 (1983).  Here, the value of the Program is measured by the cost Defendant

28   would have had to pay to lawfully purchase the program.  The Court therefore awards Plaintiff

$2,860 in compensatory damages for conversion.

In sum, the Court awards Plaintiff damages in the amount of $7,860, comprising of statutory damages of $5,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $2,860 for Plaintiff's conversion claim.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion Summary Judgment is hereby GRANTED IN PART and DENIED IN PART.  The Court awards Plaintiff damages in the amount of $7,860, comprising of statutory damages of $5,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $2,860 for Plaintiff's conversion claim.  Plaintiff shall file any motion for costs and attorneys' fees within fourteen (14) days from the entry of this Order.

IT IS SO ORDERED.

Date: November 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE